IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**MELODY DEE GRIFFITH**,

        Plaintiff,

v.                                                                                                                                    No. 10 cv 878 BB/WDS

**BRIANNA BALICONIS,** *et al.***,**

        Defendants.

**MEMORANDUM OPINION AND ORDER**

        This matter is before the Court for consideration of Defendant Brianna Baliconis's, Defendant Brice Current's, and Defendant Chad Herrera's Motion to Dismiss State Tort Claims (Doc. 11). Defendant Bradley J. Campbell and Defendant Sara Vandenberg are not parties to this motion. At all relevant times, Defendants Baliconis, Current, and Herrera were Deputy Sheriffs in the San Juan County Sheriff's Department for the State of New Mexico; hereinafter, the Court will refer to these three defendants collectively as "Defendant Sheriffs."

        Before the Court could rule on this Motion to Dismiss, Plaintiff filed an amended complaint. Doc. 17. In the amended complaint, only Counts III and IV are alleged against Defendant Sheriffs. Both counts are brought pursuant to 42 U.S.C. § 1983–not the New Mexico Tort Claims Act or any other state law. The only state law claims that Plaintiff makes are against Defendants Campbell and Vandenberg, who are not parties to the instant Motion to Dismiss.

        Defendant Sheriffs filed an answer to Plaintiff's amended complaint, thereby indicating to the Court that they were on notice as to the amended pleadings. Doc. 20. "An amended complaint supercedes an original complaint and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (internal quotations omitted); *In*

*re Atlas Van Lines, Inc*., 209 F.3d 1064, 1067 (8th Cir.2000); 3 Moore's Federal Practice, § 15.17[3] (Matthew Bender 3d ed.).  Since Plaintiff's amended complaint supercedes the original, there are no longer any state claims against Defendant Sheriffs.  *Id*.; *see* Doc. 17.  As such, Defendant Sheriffs' Motion to Dismiss for failure to state a claim upon which relief can be granted is now moot.  The motion is DENIED.

**ORDER**

It is hereby ORDERED that State Defendants' Motion to Dismiss the Complaint (Doc. 11) be, and hereby is, DENIED.

Dated this 22$^{d}$  day of December, 2010.

_____
BRUCE D. BLACK
United States District Judge