IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**MELODY DEE GRIFFITH,**

        **Plaintiff,**

**v.**                                **No. CIV 10-878 BB/WDS**

**BRIANNA BALICONIS, a Deputy with the San Juan County Sheriff's Department, individually, BRICE CURRENT, a Deputy with the San Juan County Sheriff's Department, individually, CHAD HERRERA, a Deputy with the San Juan County Sheriff's Department, individually, BRADLEY J. CAMPBELL, M.D., and SARA VANDENBERG, R.N.,**

        **Defendants.**

MEMORANDUM OPINION
IN SUPPORT OF RULE 12(B)(6) DISMISSAL OF SEARCH CLAIMS

**THIS MATTER** is before the Court on the motion of Defendants Bradley Campbell, M.D., and Sara Vandenberg, R.N., to dismiss the Fourth Amendment unreasonable search claims against them pursuant to Federal Rules of Civil Procedure 12(b) [doc. 48]. Plaintiff's failure to respond to this motion (D.N.M.LR-Civ 7.1(b)), failure to file and serve a response "constitutes consent to grant the motion." Moreover, the motion appears to have legal merit.

*Discussion*

In her complaint, Plaintiff Griffith alleges that on February 22, 2008, police officers, during the course of an arrest, "allegedly saw her swallowing a baggie containing what (the officers) believed was methamphetamines." Compl. ¶ 12. The officers transported Plaintiff to the ER where an ultrasound was performed. Compl. ¶¶ 18, 19. Ms. Griffith was next given a laxative to drink. Compl. ¶ 21. Plaintiff alleges that these two actions constituted searches in violation of the Fourth Amendment to the United States Constitution. Compl. ¶ 48. She further alleges that one of the police Defendants was "materially assisted in her civil rights violations" by Defendants Dr. Campbell and Nurse Vandenberg ("medical Defendants"). The 28 U.S.C. § 1983 civil rights allegation against the medical Defendants is based on administration of the ultrasound and laxatives.

Plaintiff does not allege that either Defendant was a state employee. Rather, she appears to claim that they were acting under state law because they were agents of police officers when participating in the medical procedures. When medical personnel order procedures based on medical reasons and medical judgment, there is no state action. *Saulsberry v. Maricopa County.*, 151 F. Supp. 2d 1109, 1116 (D. Az. 2001), *aff. sub nom*, 41 Fed. Appx. 953 (9th Cir. 2002); *Nelson v. Myrick*, 2005 WL 2778043 slip op. 3 (N.D. Tex.). The Supreme Court has therefore recognized that a doctor's assessment of the plaintiff's health based on his medical judgment is not sufficient to trigger § 1983 state action liability. *Blum v. Yaretsky*, 457 U.S. 991, 1005-1007 (1982).

**If Dr. Campbell and Nurse Vandenberg were not exercising independent medical judgment, the alternative is that they were requested to administer a scan and laxatives by police officers. If the medical Defendants administered the scan and laxatives relying on the orders of law enforcement officers, they also are entitled to qualified immunity.** *Marshall v. Columbia Lea Regional Hosp.*, **345 F.3d 1157, 1180 (10th Cir. 2003);** *Warner v. Grand County*, **57 F.3d 962, 966-67 (10th Cir. 1995).**

### *Conclusion*

**Qualified immunity protects the medical personnel, Dr. Campbell and Nurse Vandenberg, on the facts alleged.**

*[signature]*

**BRUCE D. BLACK**
**Chief Judge**